UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sergey Mkhitaryan, <br><br> Plaintiff <br><br> v. <br><br> County of Clark, <br><br> Defendant | Case No.: 2:22-cv-00221-JAD-BNW <br><br> **Order Setting Aside Order and Judgment, Reopening Case, Extending Amendment Deadline to July 7, 2022, and Denying Request for Appointed Counsel** <br><br> [ECF Nos. 10, 11, 12, 14] |

In February 2022, the court dismissed Plaintiff Sergey Mkhitaryan's complaint with leave to amend and gave him until March 8, 2022, to file an amended complaint.[1] That order warned the plaintiff that his failure to file a timely amended complaint would result in a recommendation to dismiss this case in its entirety.[2] The plaintiff filed no amended complaint, so the magistrate judge recommended dismissal.[3] The deadline to object to that recommendation was April 18, 2022, and when the court had not received any objection by April 20, 2022, the district judge adopted that recommendation, dismissed this case, and entered judgment.[4]

As it turns out, the plaintiff dispatched a response to that report and recommendation on April 18, 2022; it reached the courthouse three days later.[5] In that filing, he explains that he never got the order granting leave to amend—in fact, he's been having difficulty getting much of

---

[1] ECF No. 5.
[2] *Id.*
[3] ECF No. 9.
[4] ECF Nos. 10, 11.
[5] *See* ECF No. 12.

his court mail—so he didn't know there was any such deadline. He asks the court to send future mail to him "certified."[6]

## I. The court vacates the dismissal order and judgment.

The court liberally construes Mkhitaryan's objection as a motion under FRCP Rule 60 for relief from an order or final judgment and grants it. The order dismissing this action and the resulting judgment will be set aside to allow the plaintiff another opportunity to amend, and this case will be reopened. Because Mkhitaryan did not receive the order granting him leave to amend, the court will direct the Clerk of Court to resend that order. Mkhitaryan will now have until July 7, 2022, to file an amended complaint that complies with the court's instructions in that February 28, 2022, order. If he fails to do so by July 7, 2022, this court will dismiss this action. The court cannot send mail to Mkhitaryan by certified mail; it will arrive in the normal course.

## II. The court denies the request for appointed counsel.

Like many pro se litigants who file civil-rights claims, plaintiff also asks the court to appoint him a free lawyer.[7] A litigant does not have a constitutional right to appointed counsel in civil-rights lawsuits like this one.[8] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[9] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

---

[6] ECF No. 12.
[7] ECF No. 14.
[8] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).
[9] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

2

to articulate his claims pro se in light of the complexity of the legal issues involved."[10]  "Neither of these considerations is dispositive and instead must be viewed together."[11]

I do not find exceptional circumstances here.  Although the plaintiff notes that his competency is being evaluated, he has been able to cogently articulate his positions in his recent filings.  So I deny the motion to appoint counsel.

### III. The court will not respond to letters or requests for status updates.

Finally, I note that the plaintiff has expressed frustration that his various letters to this court have gone without response.[12]  Plaintiff is advised that **the court does not respond to letters or requests for status updates on cases.**  Local Rule IA 7-1(b) warns litigants that a "pro se party must not send case-related correspondence such as letters . . . to the court.  All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties."  When a litigant files a proper motion, the court will address that motion by order in due course.  Because the court has a large case load, it may take many months for the court to issue such an order.

IT IS THEREFORE ORDERED that the plaintiff's "Reply to Report and Recommendation Notice" is liberally construed as a Rule 60(b) motion for relief from the dismissal order and judgment, and it **[ECF No. 12] IS GRANTED.  Both the order dismissing this action and the resulting judgment [ECF Nos. 10, 11] are VACATED, and the Clerk of Court is directed to REOPEN this case.**

---

[10] *Id.*

[11] *Id.*

[12] *See* ECF Nos. 2, 15.

IT IS FURTHER ORDERED that the Report and Recommendation **[ECF No. 9] is REJECTED** and the Clerk of Court is directed to **SEND** the plaintiff a copy of the Order at ECF No. 5. Plaintiff's deadline to file an amended complaint that complies with that order is extended to July 7, 2022. If plaintiff fails to file a proper, order-compliant amended complaint by July 7, 2022, this case will be dismissed and closed.

_____
U.S. District Judge Jennifer A. Dorsey
June 7, 2022